■ In the Matter of ROXANNA ROSS, Respondent, v LAMONT L. Ross, Appellant. [684 NYS2d 779] —Appeal from order, Family Court, Bronx County (James Weigert, Hearing Examiner), entered on or about April 9, 1998, unanimously dismissed, without costs or disbursements.

Application by appellant's assigned counsel to withdraw is granted (see, Matter of Louise Wise Servs. [Whyte], 131 AD2d 306). We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal and that no appeal lies from the subject order. Concur—Nardelli, J. P., Wallach, Lerner and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PAGAN, Appellant. [686 NYS2d 387] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered July 11, 1997, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

The prosecutor's limited questioning about the defense's opportunity to subpoena 911 tapes did not constitute improper burden-shifting in the particular circumstances of this case. Defendant's elicitation of testimony about the erasure of the tapes, and intimation that the People were responsible for the erasure, opened the door to the People's elicitation of the standard police procedures regarding erasure of unrequested tapes (see, People v Melendez, 55 NY2d 445). The court's instructions to the jury were sufficient to prevent this testimony from having any burden-shifting effect.

Defendant's remaining claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant was not entitled to a sanction for the destruction of the unrequested 911 tape, that the prosecutor did not interject his personal knowledge of characteristics of 911 tapes, and that the challenged portions of the prosecutor's summation constituted fair comment on the evidence and appropriate responses to defendant's summation. Concur—Sullivan, J. P., Ellerin, Williams and Tom, JJ.